1  Aimee G. Hamoy, CASB# 221228
   Katrina R. Durek, CASB# 289461
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604-0119
4  ---
   1901 Harrison Street, Suite 1400
5  Oakland, California  94612-3523
   Telephone:    (510) 444-6800
6  Facsimile:     (510) 835-6666
   Email:          ahamoy@burnhambrown.com
7                     kdurek@burnhambrown.com

8  Attorneys for Defendant
   TARGET CORPORATION
9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  JOANNE BIERNACKI,                          No.  4:18-CV-07381-DMR

14              Plaintiff,                      *[Superior Court of California, County of
                                               Alameda, Case No. RG18896144 ]*
15  v.
                                               **DEFENDANT TARGET
16  TARGET CORPORATION and DOES 1 TO           CORPORATION'S NOTICE OF
    200,                                       MOTION AND MOTION FOR
17                                             SUMMARY JUDGMENT;
                Defendants.                    MEMORANDUM OF POINTS AND
18                                             AUTHORITIES**

19                                             **DATE:  September 26, 2019
                                               TIME:   1:00 p.m.
20                                             COURTROOM:  4
                                               JUDGE:  Hon. Donna M. Ryu**
21
                                               **Complaint filed:  March 8, 2018**
22

23                       **NOTICE OF MOTION**

24       PLEASE  TAKE  NOTICE,  that  on  **September 26, 2019**,  at  **1:00 p.m.**,  or  as  soon

25  thereafter as this matter may be heard, before the **Honorable Donna M. Ryu, Courtroom 4**, at

26  the  United  States  District  Court  for  the  Northern  District  of  California,  located  at  the  Oakland

27  Courthouse, Courtroom 4 – 3rd Floor, 1301 Clay Street, Oakland, California 94612, Defendant

28
                                          1

1   Target Corporation ("Target") will and hereby does move the Court for summary judgment in

2   favor of Target and against Plaintiff Joanne Biernacki ("Plaintiff"). This Motion is based on the

3   following Memorandum of Points and Authorities, the accompanying Request for Judicial

4   Notice ("RJN"), Declaration of Aimee Hamoy, the pleadings and papers on file in this action,

5   and argument and evidence to be presented at the hearing on this Motion.

6   **STATEMENT OF RELIEF**

7   Defendant Target requests that the Court enter summary judgment in favor of Target and

8   against Plaintiff.

9   **MEMORANDUM OF POINTS AND AUTHORITIES**

10   **I.        INTRODUCTION**

11   There are no triable issues of material fact presented in the Motion for Summary

12   Judgment. This personal injury lawsuit arises out of an incident that occurred on March 12,

13   2016. Plaintiff Joanne Biernacki ("Plaintiff") alleges that soon after entering the Target store,

14   she slipped and fell on liquid that was on the floor. She claims bodily injuries as a result of her

15   fall.

16   Target brings this summary judgment motion while assuming the truth of Plaintiff's

17   asserted factual claims: that she slipped on the floor and sustained bodily injuries. Even

18   assuming the truth of these factual claims, Target cannot be held liable for Plaintiff's alleged

19   incident as a matter of law.

20   There is no evidence that Target acted or failed to act in a way that caused Plaintiff's

21   accident. There no evidence that Target had actual notice or constructive notice of the alleged

22   dangerous condition prior to the subject incident. There is no triable issue of material fact

23   regarding causation or notice, which are prerequisites to the imposition of liability against

24   Defendant Target. Even if Plaintiff can prove causation, she cannot prove that Target is liable as

25   a matter of law on the grounds that Target had no notice of a dangerous condition on its

26   property. This case has no merit against Target and all issues can be decided based on the

27   evidence submitted herewith as a matter of law.

28

DEFENDANT TARGET CORPORATION'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

No. 4:18-CV-07381-
DMR

## II.    STATEMENT OF ISSUES TO BE DECIDED

Whether there is a genuine issue of material fact as to causation of Plaintiff's fall; and whether there is a genuine issue of material fact as to Target's lack of notice of the alleged dangerous condition.

## III.    STATEMENT OF FACTS

### A.    Plaintiff's Testimony of the Incident at Target

Plaintiff's alleged incident occurred on March 12, 2016 while she was at the Target store located at 4400 Towne Center Blvd. El Dorado Hills, California. (*See* Plaintiff's Complaint, Page 4, Exh. A to Request for Judicial Notice.) She arrived at Target with her four-year-old daughter between 9:00 am and 11:00 am. (*See* Deposition of Plaintiff at 31:13-21, Exhibit 1 to Declaration of Aimee Hamoy ("Hamoy Decl.").) She entered the store and got a shopping cart. (*Id.* at 34:5-7.) She walked through the main entrance area, and made a left. (Pl.'s Dep., 34:23-24:1.)

Within less than a minute, her right foot slid forward and she fell (Pl.'s Dep., 35:4-9; 37:5-22.) At the moment, she did not know why her foot was sliding. (*Id.* 37:23-24.) After she fell on the floor, she saw water on the floor. (*Id.* 37:24-38:4.) The size of the water on the floor was about three inches across by one inch. (*Id.* 38:20-22.) She did not see where the water came from. (*Id.* at 38:14-15.) Plaintiff did not see anything that could have been the source of the water. (*Id.* at 38:16-18.) She did not know how long the water was there. (*Id.* at 39:5-7.)

### B.    Target Employees' Testimony of the Incident

Target employee Megan Mendenhall was paged to report to the scene of the incident. (Deposition of Megan Mendenhall, Exhibit 2 to Hamoy Decl., 25:15-16.) She did not see the incident. (*Id.* at 26:9-10.) Immediately after the incident, with Plaintiff still on the floor, Mendenhall observed that the floor was clean and dry at the time of the incident. (*Id.* at 27:3-6; 28:6-13.) She felt the area and saw no debris on the floor. (*Id.* at 27:7-9.) She did not see anything on the ground that Plaintiff could have slipped on. (*Id.* at 31:13-17.) She did not see any water on the ground. (*Id.* 31:15-17.)

1  Target employee Theresa Ruslender was working in the area of a cash register two or
2  three feet away from the Plaintiff when she fell. (Deposition of Theresa Ruslender, Exhibit 3 to
3  Hamoy Decl., 47:4-7.) She was checking the floors and putting things away before the incident.
4  (Ruslender Dep., 45:5-9.) She was the first one at the scene of the incident. (*Id.*, 63:3-6.) The
5  ground was clean and dry when she arrived at the scene. (*Id.*, 63:11-12.) She saw sanitary wipes
6  on the floor, but they were not in the area where the Plaintiff fell and were not involved in the
7  fall. (*Id.*, 63:5-24; 64:10-12.)

8  **C.**   **Plaintiff's Allegations in the Complaint**

9  Plaintiff filed her Complaint against Target on March 8, 2018 in Alameda County
10 Superior Court. (*See* Pl.'s Compl., RJN Exh. A.) The Complaint alleges causes of action for
11 negligence and premises liability.

12  **IV.   LEGAL ARGUMENT**

13  **A.**   **Summary Judgment Legal Standard**

14  Summary judgment is appropriate when "there is no genuine issue as to any material fact
15 and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The
16 moving party bears the initial burden of identifying relevant portions of the record that
17 demonstrate the absence of a fact or facts necessary for one or more essential elements of each
18 claim upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317,
19 323 (1986).

20  If the moving party meets its initial burden, the opposing party must then set out specific
21 facts showing a genuine issue for trial in order to defeat the motion. *Anderson v. Liberty Lobby,*
22 *Inc.*, 477 U.S. 242, 250 (1986); *see also* Fed.R.Civ.P. 56(c), (e). The nonmoving party must not
23 simply rely on the pleadings and must do more than make "conclusory allegations [in] an
24 affidavit." (*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990); *see also Celotex*, 477 U.S. at
25 324.) Summary judgment must be granted for the moving party if the nonmoving party "fails to
26 make a showing sufficient to establish the existence of an element essential to that party's case,
27 ///

28

DEFENDANT TARGET CORPORATION'S NOTICE OF MOTION AND MOTION FOR   No. 4:18-CV-07381-
SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES   DMR

1  and on which that party will bear the burden of proof at trial."( *Id.* at 322; *see also Abromson v.*
2  *Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir.1997)).

3  In light of the facts presented by the nonmoving party, along with any undisputed facts,
4  the Court must decide whether the moving party is entitled to judgment as a matter of law. (*See*
5  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 & n. 3 (9th Cir.1987)).
6  When deciding a motion for summary judgment, "the inferences to be drawn from the
7  underlying facts ... must be viewed in the light most favorable to the party opposing the motion."
8  (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted);
9  *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir.1997)). Summary
10  judgment for the moving party is proper when a rational trier of fact would not be able to find
11  for the nonmoving party on the claims at issue. (*See Matsushita*, 475 U.S. at 587, 106).

12  In this case, based on all the evidence before the Court, Plaintiff cannot point to disputed
13  facts sufficient to overcome Defendant's motion.

14  **B.     Applicable Negligence Principles**

15  Plaintiff's claims sound in negligence and premises liability. (*See* Pl.'s Compl., RJN Exh.
16  A.) To recover for negligence under California law, a plaintiff must show (1) that defendant
17  owed plaintiff a duty of care, (2) that defendant breached that duty, (3) that the breach was the
18  legal and proximate cause of plaintiff's injury, and (4) that plaintiff suffered damages. *Paz v.*
19  *California*, 22 Cal.4th 550, 559 (2000).

20  "The same concepts of duty applicable to general negligence claims apply to premises
21  liability claims." (*Hall v. Aurora Loan Servs. LLC*, 215 Cal.App.4th 1134, 1139 (2013)). Based
22  on the record before the Court, Plaintiff has insufficient facts to show Target's negligence
23  because there is no evidence of causation.

24  **C.     Plaintiff Cannot Show Causation**

25  To establish causation in the premises liability context, a plaintiff must show "(1) the
26  defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing about
27  ///

28

DEFENDANT TARGET CORPORATION'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

No. 4:18-CV-07381-
DMR

plaintiff's harm, and (2) there is no rule of law relieving the defendant of liability." *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (2001).

Plaintiff's deposition testimony is the sole evidence presented by Plaintiff to support her allegations.  Plaintiff is the only witness to this incident.  Her vague and generic testimony does not provide sufficient evidence for a trier of fact to find that Target's negligence caused Plaintiff's injury.  In her Complaint, Plaintiff alleges that the cause of her accident was "an unknown wet object on the floor." (Pl.'s Compl. Page 4, RJN Exh. A.)

However, Plaintiff's own testimony confirms that she has no facts to support the allegations that Target acted or failed to act in a way that caused wetness to be on the floor. Rather, the only evidence in the record of the cause of Plaintiff's fall is Plaintiff's deposition testimony that she saw a 3-inch by 1-inch puddle of water on the floor <u>after</u> she hit the floor. (*See Pl.'s Dep.,* 37:23-38:10; 38:19-22.) She did not see where the alleged water came from. (*Id.* at 38:14-15.) Plaintiff did not see anything that could have been the source of the water. (*Id.* at 38:16-18.) She did not know how long the water was there. (*Id.* at 39:5-7.) Both employees who reported to the scene of the incident confirmed that they observed the floor and it was clean and dry, with no water in sight.

Accepting Plaintiff's factual allegations as true, there is still no evidence to show that Target breached any duty that brought about Plaintiff's alleged injuries.

### D.    Plaintiff Has No Evidence of Notice

In general, a landowner or occupier is not an insurer of the safety of persons on its premises. (*Danieley v. Goldmine Ski Associates, Inc.* (1990) 218 Cal.App.3d 111, 121; *Beauchamp v. Los Gatos Golf Course* (1969) 273 Cal.App.2d 20, 27-28.) The occupier is only required to maintain the premises in a reasonably safe condition and warn invitees of concealed dangers of which it has knowledge, but the invitee does not. (*Danieley* 218 Cal.App.3d at 121; *Beauchamp* 273 Cal.App.2d at 27.)

" '[T]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier must have either actual or constructive knowledge of the

dangerous condition or have been able by the exercise or ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises.' " *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1206 (2001) (further internal quotation marks omitted) (quoting *Girvetz v. Boys' Market*, 91 Cal.App.2d 827 (1949)).

There is no evidence in the record that Target had actual or constructive notice of the alleged dangerous condition – the piece of plastic – which is critical to establishing liability. The mere fact that Plaintiff fell does not render the condition as being dangerous in and of itself. (*See, Harpke v. Lankershim Estates* 103 Cal.App.2d 143, 146 (1951), holding that no inference of negligence arises from the mere proof of a fall.)

Target acknowledges that a landowner's lack of knowledge of the dangerous condition is not a defense. A landowner has "an affirmative duty to exercise ordinary care to keep the premises in reasonably safe condition, and therefore must inspect them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, the landowner would have discovered the dangerous condition, he or she is liable." (6 Witkin, Summ. Of Cal. Law, Torts § 1121 (10th ed. 2005). *Ortega*, 26 Cal.4th at 1207.)

Here, there is no evidence that Target failed to exercise reasonable care to keep the floor in reasonably safe condition. Plaintiff has no evidence that Target failed to inspect or take proper means to ascertain the condition of the area where the incident occurred. In fact, the undisputed evidence is that Target employees inspected the area before the incident and did not see any liquid on the floor. Moreover, both employees who reported to the scene of the incident did not see any liquid on the floor after Plaintiff fell.

Even accepting as true all facts alleged by Plaintiff, Target cannot be held liable for the alleged condition at its store as a matter of law. Plaintiff has no evidence to prove or even remotely suggest that any employee or agent of Target caused or contributed to her injuries.

///

///

### V.    CONCLUSION

Based on the foregoing, Target respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment against Plaintiff.


DATED:  August 14, 2019                    BURNHAM BROWN



                                           /S/ *AIMEE G. HAMOY*
                                           AIMEE G. HAMOY
                                           KATRINA R. DUREK
                                           Attorneys for Defendant
                                           TARGET CORPORATION


4850-1406-1193, v. 1

DEFENDANT TARGET CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

No. 4:18-CV-07381-DMR